UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESTON DEPREICE PIERCE,

    Petitioner,

v.

                        Criminal Case No. 13-20136
                        Civil Case No. 15-10975

UNITED STATES OF AMERICA,       Hon. John Corbett O'Meara

    Respondent.
_____/

**OPINION AND ORDER DENYING
MOTION TO VACATE SENTENCE**

      Before the court is Petitioner Preston Depreice Pierce's motion to vacate sentence pursuant to 28 U.S.C. § 2255. Pierce pleaded guilty to (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and (2) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Pierce contends that his counsel was ineffective for failing to challenge the factual basis for the § 924(c) charge. Pierce argues that the elements of the § 924(c) charge were not met and that his conviction was improper.

**BACKGROUND FACTS**

      On November 27, 2012, Michigan State Police troopers stopped a vehicle in which Pierce was a passenger. After the driver consented to a search, the troopers

found about 2 grams of heroin and a .380 caliber semi-automatic pistol, which was under Pierce's seat.  The officers arrested Pierce and later conducted a search of his home, where they found heroin and two more firearms.

On February 19, 2013, Pierce was indicted on six counts: two counts of felon in possession of a firearm, one count of distributing heroin, one count of possessing heroin with intent to distribute, and two counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Pursuant to a Rule 11 plea agreement, Pierce pleaded guilty to one count of unlawful possession of a firearm and one count of possessing a firearm in furtherance of a drug trafficking crime.  The plea agreement contained the following factual basis for Pierce's guilty plea:

> On November 27, 2012, a Michigan State Police trooper conducted a traffic stop of a vehicle on I-94 near Race Road, in Jackson, Michigan.  Defendant was a passenger in the vehicle.  After the driver consented to a search of the vehicle, law enforcement recovered a baggie containing just over 2 grams of heroin and an AMT .380 caliber semi-automatic pistol, serial number C08654, under the defendant's seat.  Defendant admitted that he traveled from Jackson, Michigan to Detroit, Michigan, purchased the heroin, and distributed it to the driver of the vehicle.  Defendant also admitted that he purchased the .380 caliber pistol two weeks earlier for protection while conducting his narcotics deals because someone tried to rob him on two occasions.  Defendant knowingly possessed the .380 caliber pistol in furtherance of his drug trafficking activities, including in order to protect

> both himself and the heroin he intended to distribute. . . .

Rule 11 Plea Agreement, at 3.

At the plea hearing on October 10, 2013, the elements of each count (felon in possession of a firearm and possession of a firearm in furtherance of a drug trafficking offense) were set forth on the record. See 10/10/13 TR at 10. Having heard the elements, Pierce pleaded guilty. Id. at 11. Pierce acknowledged that he had a gun and heroin in the car on November 27, 2012. Id. at 14. He also admitted that he distributed or intended to distribute the heroin, and that he purchased the weapon for his protection. Id. at 15.

On May 13, 2014, the court sentenced Pierce to 66 months in prison. Pierce timely filed his petition under § 2255 on March 12, 2015. Pierce contends that his counsel was ineffective for failing to challenge the factual basis for the § 924(c) count.

## LAW AND ANALYSIS

To present an ineffective assistance of counsel claim under § 2255, Pierce must show that (1) his attorney's performance was seriously deficient and (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show that counsel's performance was deficient, Pierce must demonstrate that his counsel's representation fell below an objective standard of

reasonableness under prevailing professional norms. Id. at 688. In applying this standard, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. In order to satisfy the "prejudice" requirement in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Pierce argues that the facts set forth in the plea agreement and colloquy are not sufficient to establish the elements of § 924(c), possession of a firearm in furtherance of a drug trafficking crime. In the plea agreement, Pierce admitted that he distributed heroin; he also admitted that he purchased a pistol for his protection while conducting narcotics deals. See Rule 11 Plea Agreement at 3. Pierce repeated these admissions at the plea hearing. See 10/10/13 TR at 15. These facts serve as a sufficient basis for the § 924(c) conviction. See United States v. Reynolds, 534 F. App'x 347, 361 (6th Cir. 2013) cert. denied, 134 S. Ct. 1570 (2014) ("We have held consistently that possessing a gun as protection in the course of drug trafficking is sufficient to satisfy the 'in furtherance' element.").

In light of Pierce's admissions in the plea agreement and at the hearing, his counsel was not ineffective in failing to challenge the factual basis for the § 924(c)

count.  See <u>Coley v. Bagley</u>, 706 F.3d 741, 752 (6th Cir.) <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>. <u>Coley v. Robinson</u>, 134 S. Ct. 513 (2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

The court further finds that an evidentiary hearing is not required.  See <u>Blanton v. United States</u>, 94 F.3d 227, 235 (6th Cir. 1996) (citing <u>Fontaine v. United States</u>, 411 U.S. 213, 215 (1973) ("[E]videntiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief.").

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Pierce's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is DENIED.

                                             s/John Corbett O'Meara
                                             United States District Judge

Date:  November 5, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 5, 2015, using the ECF system and/or ordinary mail.

                                             s/William Barkholz
                                             Case Manager